## MOSHER v. CITY OF PHŒNIX.
### No. 6472.

Circuit Court of Appeals, Ninth Circuit.
Dec. 14, 1931.

John W. Ray, of Phoenix, Ariz., for appellant.

Charles Carson, Jr., James E. Nelson and Kibbey, Bennett, Gust, Smith & Rosenfeld, all of Phoenix, Ariz., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

WILBUR, Circuit Judge.

Appellant filed her bill in equity claiming that she owned a strip of land 50 feet wide and 204 feet in length within the limits of Second street between Van Buren and McDowell streets, as defined by the city authorities in the city of Phoenix, Ariz.; that the city commissioners, by resolution of intention No. 5065 and by resolution No. 5078, ordering the improvement of Second street between Van Buren and McDowell streets, are proposing to improve Second street to a width of 100 feet, which includes the 50 foot strip plaintiff owns.

We have held in the companion case of Mosher v. City of Phoenix (No. 6471) 54 F. (2d) 777, that a controversy as to the ownership of private land within the limits of the street, or alleged street, does not raise a federal question merely because the city authorities are proposing to improve the same under the state law, which as we have held in Collins v. City of Phoenix (No. 6470) 54 F. (2d) 770, does not authorize the improvement of private property. The decisions in Collins v. Phoenix, No. 6470, and Mosher v. Phoenix, No. 6471, require the affirmance of the decree of dismissal entered in the lower court, unless the allegations of the appellant's complaint show additional facts requiring the interposition of the court.

Plaintiff alleges in her bill: "That it has been adjudged and decided by the Superior Court of Maricopa County in an action where the city of Phoenix was a party that the resolutions and action of the City of Phoenix in the passage thereof were regular and valid and binding so far as it affects Second Street; that by the construction placed thereon by the city legislative and executive authority they have determined to include therein, as shown by the map and plan and plat approved and adopted, this property of the plaintiff, as within the property to be improved as a part of Second Street. * * * *"

This allegation adds nothing to the complaint; it does not appear that the plaintiff is a party to the action in the superior court or that the question sought to be raised here was raised in that action, and if she was a party to the action and the question was raised as to the ownership of the portion of Second street she now claims to own, the decision in that court would be binding upon her. For the reasons stated in Mosher v. Phoenix, No. 6471, no federal question is involved herein.

Decree affirmed.